## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

FILED
U.S. DISTRICT COURT

2007 FEB 27  P 12: 10

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | | |
|---|---|---|
| **JOCK WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO:   2:06-CV-872  DAK |
| | ) | |
| **CONQUEST ENERGY, INC.,** | ) | |
| **PHILIP G. HAYDEN,** | ) | |
| **and DAVID T. HOOPER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM SUPPORTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The defendant, David T. Hooper, submits this memorandum supporting his Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

The plaintiff, Jock Walker ("Walker") filed this lawsuit against a Tennessee corporation, Conquest Energy, Inc. ("Conquest"), a Tennessee individual, Philip Hayden ("Hayden"), and this defendant, David T. Hooper ("Hooper"), who is also a Tennessee individual, in which Walker seeks damages for an alleged breach of contract and conversion of stock.

Paragraphs 1 - 4 of the Complaint allege that Conquest and Hayden contacted Walker through the mail at his home in Utah, and solicited and made an offering to him on October 3, 2000. Based on that alleged contact by Conquest and Hayden in Utah, the Complaint alleges that venue and jurisdiction are proper in this Court.

However, the Complaint is silent as to any involvement by Hooper in that solicitation of and offering to Walker. Further, the Complaint fails to allege either (a) any contact by Hooper with Walker in this or any other transaction or setting, or (b) any contact by Hooper whatsoever with the State of Utah.

The Complaint alleges that Hooper agreed to serve as the Escrow Agent and deliver certain shares of stock to Walker. (Complaint, paragraph 6). It further alleges that in breach of a certain Repurchase Agreement that was entered into by and among Walker on the one hand, and Conquest and Hayden on the other (but not by Hooper), shares of stock were never delivered to Walker. (Complaint, paragraphs 5 & 8). However, the Complaint fails to allege, and the exhibits to the Complaint fail to suggest, that Hooper either (a) entered into the Repurchase Agreement in any capacity, or (b) had any contact with Walker, whether through the Repurchase Agreement or otherwise.

As the affidavit of the defendant Hooper suggests, during his lifetime he has been in the State of Utah on a single occasion, and that as a child, over 44 years ago. (Hooper affidavit, paragraph 3). He has never entered into any business relationship with Walker, or otherwise had any contacts with Walker. (Hooper affidavit, paragraphs 8 and 9). He has never solicited any contact with any individual or entity in the State of Utah on any occasion. (Hooper affidavit, paragraph 7). He has never registered in any fashion nor qualified to do business in the State of Utah. (Hooper affidavit, paragraph 4). He is not licensed to practice law in Utah (Hooper affidavit, paragraph 4), nor has he ever practiced law in the State of Utah, either in litigation or in connection with any legal transaction. (Hooper affidavit, paragraph 5). He does not have, nor ever has had, an office in Utah for any business or personal purpose. (Hooper affidavit, paragraph 4). He does not own property in Utah,

nor does he lease any property in Utah. (Hooper affidavit, paragraph 4).

Further, Hooper has never maintained a mailing address or telephone listing in Utah, and he has never had any agents or employees transacting business on his behalf in Utah. (Hooper affidavit, paragraph 5). He has not maintained at any time any books, records or bank accounts in Utah, nor ever paid corporate income or other taxes in Utah. And, he has never authorized anyone to accept service of process for him in Utah, or otherwise has designated an agent under the laws of the State of Utah. (Hooper affidavit, paragraph 6).

Moree specifically as regards the present controversy, Hooper has never contacted Walker by telephone, by mail, or otherwise. He has never solicited Walker in any fashion, nor has he had someone else contact or solicit Walker on his behalf. (Hooper affidavit, paragraph 9).

## APPLICABLE LAW

### THIS COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER THE DEFENDANT, HOOPER.

Introduction.

To obtain personal jurisdiction over a non-resident defendant in a diversity action, a plaintiff must show (1) that jurisdiction is proper under the forum state's long-arm statute and (2) that the exercise of jurisdiction does "not offend the due process clause of the Fourteenth Amendment." Botefuhr v. Vestal, 309 F. 3d 1263, 1271 (10th Cir. 2002); also Far West Capital, Inc. v. Towne, 46 F. 3d 1071, 1074 (10th Cir. 1995). This Court must therefore apply Utah law and federal due process analysis to determine whether Walker has satisfied his burden of establishing personal jurisdiction over this defendant. See id. In the due process analysis, the Court must analyze whether the

jurisdiction is general or specific. See Botefuhr, 309 F. 3d at 1271-1272. Here, jurisdiction is not proper over Hooper under Utah's long-arm statute, nor is there is any basis for asserting either general or specific personal jurisdiction over Hooper to satisfy due process safeguards. As a result, the Court should dismiss Walker's Complaint against him pursuant to Rule 12(b)(2).

A.   No Grounds Exist for Extending Utah's Long-Arm Statute to Cover Hooper.

Unlike some other states,[1] jurisdiction in Utah is appropriate only if the plaintiff establishes that both elements of a two-prong test are met: (1) the defendant conducted certain specifically enumerated activities in Utah, and (2) there is a nexus between the plaintiff's claim and the conduct of the defendant. See Far West Capital, Inc., 46 F. 3d at 1074; Utah Code Annotated Section 78-27-24. Because none of the listed activities applies to Hooper, he is not subject to jurisdiction in Utah by virtue of the state's long-arm statute.

1.   The provisions of the Utah long-arm statute do not apply to Hooper.

Utah's long-arm statute–Utah Code Annotated Section 78-27-24–lists the seven (7) specific acts that serve to submit a nonresident defendant to the courts of this state. A review of the seven reveals that none of them apply to Hooper.

Hooper did not transact, and never has transacted, any business within Utah. He did not contract to supply services or goods in this state.[2] Hooper has caused no injury within Utah, whether

___

[1] The versions of some other states' long-arm statutes–such as that of Oklahoma–"permit the exercise of any jurisdiction that is consistent with the United States Constitution." Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc., 46 F. 3d 1244, 1247 (10th Cir. 2000); Far West Capital, Inc., 46 F. 3d at 1074. However, the Utah long-arm statute, Utah Code Annotated Section 78-27-24, is less expansive, and is limited to seven (7) specific enumerated activities.

[2] In paragraphs 1-4 of the Complaint, Walker alleges that only Conquest and Hayden (and specifically omits any reference to Hooper) entered into a contract with Walker. Nothing in the exhibits to the Complaint suggests any involvement by Hooper in a contract with Walker. Hooper's affidavit makes it clear that he has never entered into any business relationship with Walker nor had

tortious or by breach of warranty.[3] Hooper has not owned, used nor possessed any real property in Utah. He has not contracted to insure any person, property or risk within the state. And this action does not involve divorce, separate maintenance, child support, or paternity. Nothing enumerated in Utah's long-arm statute applies to Hooper, and so he is not subject to jurisdiction in the courts of this state.

2.    There is no nexus between Walker's claim and Hooper's conduct in Utah.

Because Utah's long-arm statute does not apply to Hooper, an inquiry into the nexus requirement discussed in Far West Capital, Inc. is rendered moot. However, even a cursory examination of that requirement reveals it, too, to be wanting in these circumstances.

This Court has previously "interpreted the nexus factor as sufficient to bestow jurisdiction 'only where a nonresident defendant has engaged in some conduct within the state and the plaintiff's claims against the defendant specifically 'arise from' that conduct.' Harnischfeger Engineers, Inc. v. Uniflo Conveyor, Inc., 883 F. Supp. 608, 617-18 (D. Utah 1995). However, 'the nexus requirement is not met [simply] whenever there is creation or breach of a contract with a Utah plaintiff. . . . (citations omitted)." Beck v. D'Amour S.A., 923 F. Supp. at 200. (supplemental wording supplied).

_____

any contact with him (paragraphs 8 and 9). Nothing suggests that Hooper contracted to supply services or goods in Utah.

[3] The Complaint alleges conversion of stock in addition to breach of contract, implying somehow that Hooper retains shares of stock in Tennessee that he has not conveyed to Walker in Utah. Even if such an allegation were true, this Court has previously held that "the tort of conversion and its corresponding injury take place where the contested funds are located, not where plaintiff resides." Beck v. D'Amour, S.A., 923 F. Supp. 196 (D. Utah 1996), citing Wenz v. Memery Crystal, 55 F. 3d 1503, 1508 (10th Cir. 1995). The Supreme Court of Utah has held similarly. See Hydroswift Corporation v. Louie's Boats & Motors, Inc., 27 Utah 233, 494 P. 2d 532 (1972). As to breach of warranty, there is no such allegation contained in the Complaint.

There is no nexus here because there has been no conduct by Hooper within the state. In the absence of conduct here, there can be no nexus between Hooper and Utah that would permit jurisdiction here. Jurisdiction of this dispute between Walker and Hooper cannot attach in Utah.

B.    Due Process considerations prevent the extension of Utah jurisdiction to Hooper.

Because Hooper is not subject to the jurisdiction of a court of general jurisdiction in Utah (Rule 4(k)(1)(A), Federal Rules of Civil Procedure), this Court need not examine the second test for the exercise of personal jurisdiction in Utah: whether that attempted exercise offends the due process clause of the Fourteenth Amendment. Botefuhr, 309 F. 3d. at 1271; Far West Capital, Inc., 46 F. 3d at 1074. However, an examination of the relevant due process considerations only serves to underscore the lack of jurisdiction over this defendant.

Due Process: Introduction

"The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.' World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S. Ct. 559 (1980)"; Intercon, 205 F. 3d at 1247. That "minimum contacts" standard can be met in either of two ways: (1) general personal jurisdiction or (2) specific personal jurisdiction. See Intercon at 1247. Under neither evaluation are there sufficient "minimum contacts" by Hooper with Utah to establish in personam jurisdiction in this state.

1.    No Grounds Exist for Asserting General Personal Jurisdiction Over Hooper In Utah.

As a rule, when there are "continuous or systematic contacts" between the defendant and the forum state, the court may exercise "general personal jurisdiction." Botefuhr, 309 F. 3d At 1271-

1272; Rambo v. American Southern Insurance Company, 839 F. 2d 1415, 1418 (10th Cir. 1988).
Because Hooper has engaged in no activity within Utah, he certainly cannot be regarded as having
engaged in "continuous or systematic" local activity. Id. Accordingly, this Court cannot exercise
general personal jurisdiction over the him.

        2.    No Grounds Exist for Asserting Specific Personal Jurisdiction Over Hooper
 in Utah.

    Likewise, this Court has no grounds for asserting specific personal jurisdiction over Hooper.
The Tenth Circuit has extended "specific jurisdiction" over a nonresident defendant in cases when
there are "specific activities or contacts the defendant had with the forum state." Botefuhr, 309 F.
3d at 1271, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985). More particularly,
it has held that a court may "assert specific jurisdiction over a nonresident defendant 'if the
defendant has purposefully directed his activities at residents of the forum, and the litigation results
from alleged injuries that arise out of or relate to those activities.'" Intercon, 205 F. 3d at 1247,
quoting Burger King Corp. v. Rudzewicz, 471 U.S. at 472.

    In addition, those activities or contacts "must be substantial enough so that exercising
personal jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"
Botefuhr, 309 F. 3d at 1272 (internal citations omitted). "This requirement will be satisfied where,
after reviewing the defendant's interactions and connections with the forum state, a court can
conclude that the defendant has 'purposefully availed' [himself] of the protection and benefits of the
laws of the forum state." Botefuhr at 1272 (internal citations omitted). As set forth below, Walker
has failed to meet his burden under the test for specific activities or contacts, so as to establish
specific personal jurisdiction over Hooper. Moreover, he cannot demonstrate that Hooper has

"purposefully availed" himself of the protection and benefits of the laws of Utah so as to avoid offending traditional notions of fair play and substantial justice.

        a.      There are no specific activities or contacts by Hooper with the State of Utah.

The underlying requirements of specific personal jurisdiction–that "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities" (Intercon, 205 F. 3d at1247)–serve only to underscore the impossibility of applying specific jurisdiction to Hooper. In short, he has engaged in *absolutely no* activities within Utah, and certainly has not "purposefully directed his activities at residents" of this state. It would be difficult to imagine a factual setting in which there might be fewer activities or contacts with a forum state than those of Hooper in the present setting. As in the case of general personal jurisdiction, there are insufficient "minimum contacts" because there simply are *no* specific contacts, and specific personal jurisdiction cannot be established.

        b.      Hooper  has not purposefully availed himself of anything in Utah.

There is neither any evidence nor any allegation that Hooper purposefully availed himself of the privilege of acting in the State of Utah. To satisfy the "purposeful availment" requirement of due process, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

Hooper has not physically been in the State of Utah in the last 44 years, and certainly has not been in Utah at any time in connection with the matters contained in this action. He has no business contacts or involvement in Utah, and not only is not licensed to practice law in this state but has

never been engaged in any legal transaction here. He maintains no telephone listing not mailing address in Utah, and has never had an agent or employee act here on his behalf. He has never maintained any books, records, or bank accounts in the State of Utah, and has never been subject to nor paid any taxes in the state. He has never authorized anyone to accept service of process on his behalf in Utah. He has never solicited any contact with any individual or entity within the State of Utah on any occasion. As directly regards the matters involved in the present lawsuit, Hooper had never had any contact of any kind with Walker or anyone acting on his behalf at any time-- much less in the form of solicitation, tender or negotiation of any contract--prior to the filing of this action.

This case is typical of those cases in which personal jurisdiction over an individual defendant is simply lacking. Absolutely nothing in the allegations in the Complaint or the evidence contained in Hooper's affidavit suggests any contact by Hooper with the State of Utah, in this transaction or otherwise. Under these circumstances, Hooper would have had no basis for reasonably anticipating being haled into court in Utah. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). As a result, the due process safeguard of avoiding offense to "traditional notions of fair play and substantial justice" (Far West Capital, Inc., 46 F. 3d at 1074) is unsatisfied, and Walker's claims against Hooper must be dismissed.

         c.    The exercise of personal jurisdiction over Hooper would be unreasonable.

Finally, due to the absence of any forum state activities, the exercise of personal jurisdiction over Hooper would be unreasonable. Given the complete absence of any personal, professional or business contacts or economic ties with this state, Hooper should not be forced to endure the substantial cost and inconvenience of having to travel to Utah and defending this lawsuit. Based on Walker's failure to satisfy *any* of the requirements for specific in personam jurisdiction, Walker's

claims against Hooper must be dismissed under Rule 12 (b)(2).

## CONCLUSION

Based on Walker's failure to meet any requirement for the various tests for personal jurisdiction with respect to Hooper, Walker's claims against this defendant should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction. First, Walker has failed to allege or demonstrate that Hooper engaged in any of the enumerated activities required to invoke the use of Utah's long-arm statute. Second, there is no nexus between Walker's claims and any conduct of Hooper in Utah. Third, Hooper has engaged in no "continuous or systematic contacts" with Utah to render him susceptible to general personal jurisdiction in the state. And finally, Hooper has engaged in absolutely *no* activities in Utah, so that specific personal jurisdiction may not be applied to him. The Court must dismiss Hooper from this lawsuit.

Respectfully submitted,

David T. Hooper
Pro Se
109 Westpark Drive
Suite 240
Brentwood, TN 37027
615/661-5472

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by facsimile and regular U. S. Mail, this ___26___ day of ___February___, 2007 to:

J. Grant Walker
Jackson White, PC
40 N. Center Street
Suite 200
Mesa, AZ 85201

Brett B. Hicken
457 N. Main
Spanish Fork, UT 84660

_David Hooper_

David T. Hooper