# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOCK WALKER,<br><br>    **Plaintiff,**<br><br>vs.<br><br>CONQUEST ENERGY, INC., PHILIP G.<br>HAYDEN, and DAVID T. HOOPER,<br><br>    **Defendants.** | **MEMORANDUM DECISION AND<br>ORDER**<br><br>**Case No.  2:06CV872 DAK** |

This matter is before the court on (1) Defendants Conquest Energy and Phillip Hayden's Motion for Summary Judgment; (2) Plaintiff's Cross-Motion for Summary Judgment; and (3) Plaintiff's Rule 56(f) Motion.  A hearing on the motions was held on September 9, 2008. At the hearing, Plaintiff Jock Walker was represented by J. Grant Walker.   Defendants Conquest Energy and Philip G. Hayden were represented by Erin T. Middleton and Rick Hymas.   Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the motions under advisement, the court has further considered the law and facts relating to these motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

Defendants contend that this court does not have subject matter jurisdiction over this case because while there is diversity of citizenship, there is no plausible claim that Plaintiff's damages exceed $75,000.  The court agrees.  The court has no doubt that Plaintiff's claim for damages

was made in good faith at the time the Complaint was filed – as it took Defendants well over a year after the filing of the Complaint to discover the actual date of the stock split, which significantly impacted the amount of Plaintiff's claimed damages.

The fact that Plaintiff's allegation of damages was made in good faith, however, does not end the court's analysis.  If a claim of the required jurisdictional amount is apparently made in good faith, that claim controls unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938);  *Adams v. Reliance Standard Life Ins. Co*., 225 F.3d 1179, 1183 (10th Cir. 2000).   Generally, as long as a good-faith claim of a sufficient amount is made in the Complaint, subsequent events that reduce the amount below the statutory requirement do not require dismissal.  *See Jones v. Knox Exploration Corp*., 2 F.3d 181, 182 (6th Cir. 1993).

"A distinction must be made, however, between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action.  *Id.*  As stated by the court in *Jimenez Puig v. Avis Rent-A-Car System,* 574 F.2d 37, 39 (1st Cir.1978), where "the proofs adduced at trial conclusively show that the plaintiff never had a claim even arguably within the [required] range," a diversity action must be dismissed.  *Id.* (quoting *Jimenez Puig*, 574 F.2d at 39); *see also* Am. Jur. 2d Fed. Courts § 990.

The Sixth Circuit in *Jones* reversed the district court's determination that it had subject matter jurisdiction based on the good-faith belief of the plaintiffs as to the amount in controversy at the time the Complaint was filed.  In *Jones*, the plaintiffs discovered, after filing their

2

Complaint, that the amount in controversy was actually less than the jurisdictional amount.  The district court, however, declined to dismiss the Complaint.  On appeal, the Sixth Circuit determined that the court lacked subject matter jurisdiction because the plaintiffs' claim never satisfied the jurisdictional requirement.  2 F.3d at 183.  In determining that jurisdiction was lacking, the *Jones* court examined another similar case, *American Mutual Liability Ins. Co. v. Campbell Lumber Mfg. Corp.*, 329 F. Supp. 1283 (N.D. Ga. 1971).

In *American Mutual*, the court determined that dismissal was necessary after the plaintiff advised the court after discovery that the maximum amount in controversy was less than the jurisdictional minimum.  329 F. Supp. at 1285.  Applying the rule in *St. Paul Mercury Indemnity,* the *American Mutual* court held that "[a]s plaintiff in the instant case concedes that his claim is for substantially less than the jurisdictional amount, it is a legal certainty that the amount in controversy does not exceed [the jurisdictional minimum]."  *Id.* at 1285 (referring to *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)).

The Sixth Circuit also recognized that "Professor Moore refers to *American Mutual* as a 'well-known case' and cites it with approval for the proposition that '[l]ack of the jurisdictional amount from the outset-although not recognized until later-is not a subsequent change that can be ignored.'" *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993) (quoting Moore's Federal Practice ¶ 0.92[1] (2d ed. 1993) (footnote omitted)).

Accordingly, now that Defendants have established the actual date of the stock split, and Plaintiff concedes that his claim is worth $23,780, the court must dismiss the action for lack of subject matter jurisdiction.   Thus, IT IS HEREBY ORDERED that Defendants' Motion for

Summary Judgment is GRANTED on the ground that subject matter jurisdiction does not exist.[1]

This action is DISMISSED without prejudice.  All other motions are MOOT.

     DATED this 10th day of October, 2008.

                 BY THE COURT:

                 DALE A. KIMBALL

                 United States District Judge

---

[1]  The court has made no ruling concerning Defendants' argument concerning the dismissal of Mr. Hayden, as this court lacks jurisdiction to make such a determination.

4